## (April 26, 1962)

■ ETHEL WAUGH, Respondent-Appellant, v. SICILIAN ASPHALT PAVING COMPANY, Appellant, and CONSOLIDATED EDISON COMPANY OF NEW YORK et al., Respondents.— Order, entered on June 21, 1961, setting aside verdict and granting new trial unanimously reversed, on the law and the facts, the verdict is reinstated, and (1) judgment directed in favor of plaintiff against defendant Consolidated Edison Company of New York (Edison) and defendant City of New York and in favor of defendant Sicilian Asphalt Paving Company (Sicilian) against plaintiff, upon the verdict as reinstated, and (2) judgment directed in favor of Sicilian upon the cross complaints of Edison and the city against Sicilian, and in favor of the city upon its cross complaint against Edison, with $20 costs and disbursements on appeal to plaintiff and Sicilian against Edison and the city. Pursuant to a permit issued by the city, Edison excavated a portion of a street in order to repair a steam leak. After completion of the repairs, Sicilian was engaged by Edison to repave the area and did so. Some months later, while plaintiff was crossing the street on a hot August afternoon, her foot caught in a layer of soft or sticky paving material which had accumulated over a manhole cover maintained by Edison in the repaved area. For the

injuries sustained from her ensuing fall, the jury awarded damages against Edison and the city but exonerated Sicilian. The court set aside the verdict for inconsistency and ordered a new trial, on the theory that if Sicilian had performed its work properly, as the jury in effect found, then no dangerous condition existed for which its codefendants could be held responsible. There would be no inconsistency if, subsequent to Sicilian's due performance of its task and without its fault, the paving material encroached upon the manhole cover and created a dangerous condition which the other defendants were under a duty to prevent or remove. Our review of the entire record persuades us that the jury could permissibly so find. Accordingly the verdict is not inconsistent and must be reinstated. Sicilian being blameless, it can have no liability to its codefendants. As between the city and Edison, the latter was the active and responsible tort-feasor on the evidence and must indemnify the former, as indeed the terms of the permit contemplate. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.